UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

QUISHUNDA L. WILLIAMS,

    Plaintiff,                                           Case No. 3:19-cv-00435

v.

DIVERSIFIED CONSULTANTS, INC.,

    Defendant.

                                        /

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**NOW COMES** Quishunda L. Williams ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining of Diversified Consultants, Inc. ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, and violations of the Florida Consumer Collection Practices Act ("FCCPA") pursuant to Florida Statutes §559.55.

**JURISDICTION AND VENUE**

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, TCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

1

3. The Court has supplemental jurisdiction over the state law FCCPA claim under 28 U.S.C.§1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business and is headquartered in the Middle District of Florida.

## PARTIES

5. Plaintiff is a natural person over 18-years-of-age and is a "consumer" as the term is defined by 15 U.S.C §1692a(3), and is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant is a debt collection agency with its principal place of business located at 10550 Deerwood Park Boulevard, Suite 309, Jacksonville, Florida. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others using the mail and telephone, including consumers in the State of Illinois. According to its website, Defendant "is a full-service collection agency" with its primary purpose to collect consumer debts owed or allegedly owed to others.[1]

## FACTS SUPPORTING CAUSES OF ACTION

7. Around April 2, 2018 Defendant began placing collection calls to Plaintiff's cellular telephone number (678) XXX-9834.

8. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, possessor, and operator of the cellular telephone ending in 9834.

9. Immediately after the calls began, Plaintiff answered a phone call to her cellular telephone to a pre-recorded message from Defendant asking for a Susie Medina. Plaintiff

---

[1] https://www.dcicollect.com/diversified-consultants-solutions-page/

was then automatically transferred to a live representative. The representative informed Plaintiff that it was looking for Susie Medina ("Susie") to collect on an outstanding debt.

10. Plaintiff was perplexed why Defendant was calling her because the debt Defendant was attempting to collect did not belong to her.

11. Plaintiff notified Defendant that the debt does not belong to her and demanded that Defendant cease calls to her cellular phone.

12. Plaintiff *never* provided her cellular telephone number to Defendant or otherwise expressly consented to Defendant's phone calls.[2]

13. Plaintiff answered no less than 4 calls from Defendant, and in each answered call, informed Defendant that the number ending in 9834 does not belong to an individual named Susie and demanded that Defendant cease its calls to Plaintiff's cellular telephone immediately.

14. Notwithstanding Plaintiff's numerous requests that Defendant's collection calls cease, Defendant continued to place calls to Plaintiff's cellular phone.

15. Plaintiff's demands that Defendant's phone calls cease fell on deaf ears and Defendant continued its phone harassment campaign.

16. In total, Defendant placed or caused to be placed no less than 43 harassing phone calls to Plaintiff's cellular telephone from April 2018 through the present day, with calls taking place on back to back days.

---

[2] Upon information and belief, Defendant obtained Plaintiff's cellular telephone number through a method known as "skip-tracing," whereby debt collectors obtain phone numbers by conducting inquiries upon consumer credit reports or other public record searches.

17. In the calls that Plaintiff did answer, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's automated telephone system attempted to connect Plaintiff to a live agent.

18. Specifically, there would be an approximate 2 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant.

19. Moreover, Plaintiff also hears what sounds to be call center noise in the background of Defendant's calls.

20. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone using an automated telephone dialing system, a telephone dialing system that is commonly used in the debt collection industry to collect defaulted debts.

## DAMAGES

21. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

22. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the incessant phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and

the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

23. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

24. Concerned about the violations of her rights and invasion of her privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

25. Plaintiff restates and realleges paragraphs 1 through 24 as though fully set forth herein.

26. Defendant placed or caused to be placed non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS") without her prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

27. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

28. Upon information and belief, based on the pre-recorded message on some calls Plaintiff answered, and the lack of prompt human response during the other phone calls in which Plaintiff answered, Defendant used an automated dialing system to place calls to Plaintiff's cellular telephone.

29. Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

30. Plaintiff does not have any business relationship with Defendant nor has she given it permission to call her cellular phone.  Defendant was calling Plaintiff's cellular phone looking for a different party. As such, she could not have given Defendant consent to contact her on her cellular telephone.

31. Defendant violated the TCPA by placing no less than 43 unsolicited phone calls to Plaintiff's cellular telephone from April 2018 through the present day, using an ATDS without her prior consent.

32. Any prior consent, if any, was revoked by Plaintiff's numerous verbal revocations. Specifically, Plaintiff verbally revoked consent to be called on her cellular phone on at least four separate occasions.

33. As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular phone.

34. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

35. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

36. The calls placed by Defendant to Plaintiff were regarding business activities and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

37. Defendant, through its agents, representatives, subsidiaries, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

38. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff, QUISHUNDA L. WILLIAMS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Enjoining Defendant from further contacting Plaintiff; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

39. Plaintiff restates and realleges paragraphs 1 through 38 as though fully set forth herein.

40. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

41. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

42. Moreover, Defendant is a "debt collector" because it acquired rights to the debt after it was in default. 15 U.S.C. §1692a(6).

43. The debt in which Defendant attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

44. Defendant used the phone to attempt to collect the debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

45. Defendant's communications to Plaintiff were made in connection with the collection of the debt.

46. Defendant violated 15 U.S.C. §§1692b(3), c(a)(1), c(b), d, d(5), e, e(10), f, and f(1) through its unlawful debt collection practices on a debt that never belonged to Plaintiff.

    a. **Violations of FDCPA § 1692b**

47. Defendant violated §1692b(3) by contacting Plaintiff on a number of occasions seeking to collect upon a debt for an individual named Susie. Plaintiff repeatedly advised Defendant that it was calling the wrong person, so Defendant had more than enough information to know that the number it was calling did not belong to this unknown person Armed with this knowledge, Defendant still continued to call Plaintiff's cellular phone multiple times without her prior consent.

    b. **Violations of FDCPA § 1692c**

48. Defendant violated §1692c(a)(1) and c(b) when it continuously called Plaintiff after being notified to stop on no less than 4 separate occasions. This repeated behavior of continuously and systematically calling Plaintiff's cellular phone over and over after she

demanded that it cease contacting her was harassing and abusive. Even after being told to stop contacting her, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into paying a debt that she did not legally owe as it belonged to an individual with the name Susie.

49. Furthermore, Defendant has relentlessly called Plaintiff on no less than 43 occasions. This volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her into submission.

50. Defendant was repeatedly notified by Plaintiff that she is not Susie and that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient, unwanted, and distressing to her.

c. **Violations of FDCPA § 1692d**

51. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking immediate payment on a debt that did not belong to her. Moreover, Defendant continued placing the relentless calls after Plaintiff put Defendant on notice that she is not Susie and demanded that the calls cease on no less than 4 separate occasions.

52. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of a debt not owed by Plaintiff with the intent to annoy, abuse, or harass Plaintiff. Specifically, Defendant placed or caused to be placed no less than 43 harassing phone calls to Plaintiff's cellular telephone from April 2018 through the present day, using an ATDS without her prior consent, with calls taking place on back to back days.

    d.  **Violations of FDCPA § 1692e**

53. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the alleged debt. Defendant repeatedly contacted the wrong party seeking to collect upon a debt. Even after being apprised of its unlawful acts, Defendant continued its harassing behavior by calling Plaintiff at least 43 times in a deceptive attempt to force her to answer its calls and ultimately make a payment, even though the debt did not belong to her. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her via an automated system when it never had consent to do so in the first place.

    e.  **Violations of FDCPA § 1692f**

54. Defendant violated §1692f and f(1) when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff and asking to speak with an individual who was not Plaintiff. Defendant repeatedly asked to speak with an individual by the name of Susie, attempting to dragoon Plaintiff into making a payment that she did not legally owe. By placing voluminous phone calls after becoming privy to the fact that it is contacting the wrong person is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

55. Defendant had enough information to be aware of the fact that it was calling the wrong person. Nevertheless, it persisted with its phone call campaign in contacting the wrong individual, and knew that its conduct was inconvenient and harassing to Plaintiff.

56. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt through incessant harassing phone calls to the cellular phones of consumers that do not legally owe such debt.

57. Upon information and belief, Defendant systematically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

58. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff QUISHUNDA L. WILLIAMS respectfully requests that this Honorable Court:

   a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
   b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
   c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
   d. Award any other relief as the Honorable Court deems just and proper.

### COUNT III – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

59. Plaintiff restates and reallages paragraphs 1 through 58 as through fully set forth herein.

60. At all times relevant to this Complaint, Plaintiff, was and is a natural person, and is a "consumer" as that term is defined by Florida Statutes § 559.55(8).

61. At all times relevant to this action Defendant is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

62. At all times relevant to this Complaint, Defendant was and is a "person" as said term is defined under Florida Statute §1.01(3) and is subject to the provisions of Fla.Stat. § 559.27 because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. §559.72 because said provision applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla.Stat. § 559.51(1).

63. At all times material hereto, the debt in question was a "consumer debt" as said term is defined under Florida Statute § 559.55(6).

64. Defendant violated sections 559.72(7) and 559.72(9) of the FCCPA through its unlawful conduct.

    a. **Violations of FCCPA § 559.72(7)**

65. A person violates section 559.72(7) of the FCCPA when it willfully communicates with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

66. Defendant violated section 559.72(7) of the FCCPA when it placed repeated harassing telephone calls to Plaintiff after Plaintiff informed Defendant it was calling the wrong person. Even armed with the knowledge it was attempting to collect on the wrong individual, Defendant placed no less than 43 calls to Plaintiff's cellular phone.

### b. Violations of FCCPA § 559.72(9)

67. A person violates section 559.72(9) when it claims, attempts, or threatens to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

68. Defendant violated § 559.72(9) of the FCCPA by attempting to collect on a debt it knew was not legitimate. Plaintiff told Defendant on several occasions that she did not owe the subject debt, however Defendant continued to call Plaintiff in an attempt to collect the subject debt.

**WHEREFORE**, Plaintiff QUISHUNDA L. WILLIAMS requests that this Honorable Court:

a. Enter judgment in Plaintiff's favor and against Defendant;
b. Award Plaintiff her actual damages in an amount to be determined at trial pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;
c. Award Plaintiff statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;
d. Award Plaintiff and equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2);
e. Award Plaintiff costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77; and
f. Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: April 16, 2019

Respectfully Submitted,

/s/ Alexander J. Taylor
Alexander J. Taylor, Esq.
Florida Bar No. 1013947
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
Facsimile: (630) 575-8188
ataylor@sulaimanlaw.com
*Attorney for Plaintiff*